IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PHILLIP CRAWFORD, § | | |
| TDCJ-CID No. 02510518, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:24-CV-178-Z-BR | |
| § | | |
| DIONECIA LEWIS, *et al.,* § | | |
| § | | |
| Defendants. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS COMPLAINT IN PART

Before the Court is the Complaint (ECF 3) filed by Plaintiff Phillip Crawford ("Crawford") against Defendants Dionecia Lewis, Nathan Reyes, Rhonda Johnson and Ethan James Murphy, alleging violations of Crawford's civil rights. Crawford filed this lawsuit *pro se* while a prisoner in the Middleton Unit of the Texas Department of Criminal Justice ("TDCJ") and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Crawford's Complaint be DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915 and 1915A.

### I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of

1

whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs still must plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

**A.     Factual Background.**[1]

On September 11, 2022, Amarillo Police Department officers Lewis and Reyes arrived at a residence in response to a domestic call. (ECF 3 at 4, ECF 11 at 2). They found Crawford in the driveway, loading a pickup truck. (ECF 3 at 4). Lewis asked him to remain there and then entered

---

[1]These background facts are taken from Crawford's Complaint (ECF 3) and questionnaire responses (ECF 11) and are assumed to be true for the purpose of evaluating the merits of Crawford's causes of action.

the residence. (*Id*.). Approximately 30-45 seconds later, Crawford began to enter the residence. Lewis tried to stop him by elbowing Crawford in his ribcage, slamming him into a brick wall. (*Id*. at 6). Reyes also slammed him against the wall, after which both Reyes and Crawford fell through the doorway and into the house. Upon Defendants' command, Crawford stood and put his hands in the air. Reyes then punched Crawford "multiple times in the face with enough force to concuss him." (*Id.*). Although he still had his hands in the air, Lewis and Reyes tased him, causing him to fall face first onto the floor. Reyes then loaded another cartridge into the taser and tased Crawford again, although Crawford had been incapacitated from the first round of tasering. (*Id*.). Johnson transported him to the hospital. (*Id.*).

Defendant Murphy apparently was Crawford's defense attorney at his state trial. Crawford claims that Murphy worked with the state to deny Crawford his constitutional right to effective counsel. (*Id*. at 7). He states that Murphy threatened him in an unspecified manner "in order to coerce [Crawford] to forego his constitutional right to trial." (ECF 11 at 5).

Crawford filed this civil rights lawsuit on August 13, 2024, seeking compensatory and punitive damages. (ECF 3 at 4). He voluntarily dismissed Johnson from this case in his questionnaire responses. (ECF 11 at 3). For the reasons stated below, Crawford's claims against Lewis and Reyes survive screening, but his claims against Murphy should be dismissed as frivolous.

**A.  Claims Against Murphy.**

Crawford alleges that Murphy threatened him into foregoing his constitutional right to a trial, thereby violating Crawford's due process rights. (ECF 11 at 5). To establish liability under 42 U.S.C. § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of

federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, Section 1983 provides a claim against anyone who, "under color of state law, deprives another of his or her constitutional rights.").

Private individuals are not generally considered to be state actors for the purpose of Section 1983, but "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Kimble v. Jefferson Parish Sheriff's Office*, No. 22-30078, 2023 WL 1793876 at *3 (5th Cir. Feb. 7, 2023 (quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005)). Private defense attorneys are not state actors absent allegations of complicity between the attorney and state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (holding that public defenders are not state actors for Section 1983 purposes when acting in their role as counsel to a defendant); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (dismissing claims that alleged "nothing more than professional malpractice" against private defense attorneys).

While Crawford accurately states the applicable law in his questionnaire responses, nowhere does he allege any facts supporting his claim that Murphy acted in conspiracy with state officials. He claims that Murphy admitted to the state trial court that he "did in fact violate his client[']s due process rights and right to effective counsel." (ECF 11 at 5). At best, Crawford's allegations may state a potential basis for habeas corpus relief, but they do not support a civil rights cause of action against Murphy. Crawford provides nothing more than a conclusory allegation that Murphy was a part of a conspiracy with unnamed state actors; accordingly, Crawford's claims against Murphy should be dismissed as frivolous.

### B. Claims Against Lewis and Reyes.

Crawford alleges that Lewis and Reyes used excessive force when arresting him. Crawford's use of force claim arises under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Today we make explicit what [has been] implicit ... and hold that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard...."); *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (holding that plaintiff asserted a valid Fourth Amendment claim where he alleged defendant maliciously choked him after arresting plaintiff and searching his vehicle, but prior to transporting him to jail). To sufficiently state an excessive force claim, an arrestee such as Crawford must demonstrate that he suffered: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Hamilton v. Kindred*, 845 F.3d 659, 662 (5th Cir. 2017) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)).

### 1. Injury and Causation.

An arrestee must allege more than *de minimis* injury to justify an excessive force finding, and the injury "must be evaluated in the context in which the force was deployed." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citing *Williams*, 180 F.3d at 703). The injury requirement is "a sliding scale, not a hard cutoff." *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (quoting *Buehler v. Dear,* 27 F.4th 969, 982 (5th Cir. 2022). This approach treats the degree of injury—even if minor—as interrelated to the reasonableness and excessiveness of the officer's force. "[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible

under the circumstances.'" *Solis*, 31 F.4th at 981 (quoting *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017). Accordingly, "[a]ny force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) (per curiam). "[A]s long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Id*. at 79; *see also Solis*, 31 F.4th at 972. This means that if the officer's force was unreasonably excessive, Crawford need only show "some injury." He alleges that, as a result of the use of force, he suffered heart palpitations for two years, as well as an untreated broken hand. (ECF 11 at 7).

Crawford must allege facts showing that each Defendant violated his civil rights on an individual basis rather than as a collective action. *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007); *see also Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) (holding that each defendant's actions in a Section 1983 case must be considered individually). While the Court considers Crawford's allegations that he was elbowed by Lewis and "grabbed" by Reyes to be *de minimis* injuries, at best, Crawford also alleges that Lewis and Reyes tased him repeatedly and Reyes punched him in the face although he was not actively resisting them. (ECF 11 at 2, 5). Therefore, in construing Crawford's factual allegations liberally during the screening process, the Court finds that Crawford has sufficiently alleged "some injury" against Lewis and Reyes individually for the purposes of his excessive force claim.

    2.    **Defendants' Actions Were Objectively Reasonable.**

The Court next must determine if the acts of Lewis and Reyes were objectively reasonable. "The objective reasonableness of the force ... depends on the facts and circumstances of the

particular case, such that the need for force determines how much force is constitutionally permissible." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). In evaluating the objective reasonableness of an officer's use of force, courts consider the following nonexclusive criteria, known as the *Graham* factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Darden v. City of Fort Worth*, 880 F.3d 722, 728-29 (5th Cir. 2018) (quoting *Graham*, 490 U.S. at 396).

      a.    **Severity of the Crime.**

The first *Graham* factor, considered alone, supports a finding that the force applied by Lewis and Reyes, as described by Crawford, was excessive. He states that he was not a suspect and was in the driveway loading a pickup truck when officers arrived in response to a third-party domestic call. (ECF 3 at 4). Although he admits to disregarding Lewis' request to stay in the driveway, the situation described by Crawford appears to necessitate little need for force. *See, e.g., Molina v. Collin Cnty.*, No. 4:17-CV-00017, 2017 WL 5441833, at *3 (E.D. Tex. Nov. 14, 2017) (concluding the first *Graham* factor favored arrestee, where officers had not witnessed him commit a crime and arrestee was merely a suspect to a crime). Out of an abundance of caution and construing the facts in Crawford's favor, the Court finds that the first *Graham* factor favors Crawford.

      b.    **Immediate safety threat.**

Crawford admits that Lewis told him to "hang out" in the driveway while officers entered the house. (ECF 3 at 4). He further admits that he disregarded this request within 30-45 seconds and attempted to enter the house, when Lewis tried to stop him, and the use of force ensued. (*Id.* at 6). It was objectively reasonable for officers to believe that Crawford posed an immediate threat

to their safety once he ignored their orders to stay in the driveway and attempted to enter the house where the officers were investigating a domestic violence call. The second *Graham* factor weighs in Defendants' favor.

### c.  Resisting arrest.

Crawford alleges that, as he attempted to enter the house, Lewis and Reyes slammed him against a brick wall and punched him in the face, although Crawford put his hands in the air and was not resisting. He further claims that Reyes and Lewis repeatedly tased him, even after he had fallen to the ground and was not resisting. (ECF 3 at 6). Under Crawford's version of events, the use of tasers on him may constitute excessive force. The "question of whether [use of] a taser constitutes excessive force ... turns on whether the taser is used while the suspect is resisting, as opposed to when the suspect is either not resisting or has ceased resisting." *Pratt v. Harris Cnty.*, 2015 WL 224945, at *10 (S.D. Tex. Jan. 15, 2015). As such, "force, including the use of a taser, is often appropriate … when the arrestee is resisting or violent." *Id*. (citing *Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th Cir. 2012)). In *Poole*, the court also noted that the "situation was 'tense, uncertain, and rapidly evolving,' and the officers' decision to use force to restrain Poole was objectively reasonable. *Id*. (citing *Graham*, 490 U.S. at 396). The Fifth Circuit further reasoned that Poole posed an immediate threat to the officers' safety and was actively resisting the officer's instruction by failing to turn around and be handcuffed. *Id.* Crawford alleges, however, that he was not resisting, was never resisting, and that officers continued to tase him after he was on the ground and defenseless. On the facts alleged, Crawford has stated a claim for excessive force against Lewis and Reyes that survives screening.

### E.  Leave to Amend.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to

dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pleaded his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Crawford has fully responded to the Court's questionnaire and has pleaded his best case after being notified of the applicable law; therefore, leave to amend his claim against Murphy is unnecessary.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Crawford's claims against Murphy should be DISMISSED WITH PREJUDICE pursuant to § 1915(e)(2)(B)(ii).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 5, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).