IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PHILLIP WAYNE CRAWFORD, TDCJ-CID No. 02510518, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 2:24-CV-178-Z-BR |
| DIONECIA LEWIS, *et al.,* | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT MOTION TO DISMISS COMPLAINT

Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Dionecia Lewis and Nathan Reyes. (ECF 19). For the reasons stated below, the Magistrate Judge recommends that the Motion be GRANTED.

## I. FACTUAL BACKGROUND

On September 11, 2022, Amarillo Police Department officers Lewis and Reyes arrived at a residence in response to a domestic call. (ECF 3 at 4; ECF 11 at 2). They found Crawford in the driveway, loading a pickup truck. (ECF 3 at 4). Lewis asked him to remain there and then entered the residence. (*Id.*). Approximately 30-45 seconds later, Crawford began to enter the residence. Crawford claims that Lewis tried to stop him by elbowing Crawford in his ribcage, slamming him against a brick wall. (*Id.* at 6). He further alleges that Reyes slammed him against the wall, after which both Reyes and Crawford fell through the doorway and into the house. Crawford alleges that he stood and put his hands in the air, but Reyes then punched Crawford "multiple times in the face with enough force to concuss him." (*Id.*). He states that Lewis and Reyes tased him, causing him to fall face first onto the floor. He claims that Reyes then loaded another cartridge into the

taser and tased Crawford again. (*Id.*). Crawford filed this civil rights lawsuit on August 13, 2024, alleging excessive force and seeking compensatory and punitive damages.[1] (ECF 3 at 4).

Lewis and Reyes filed the Motion to Dismiss pursuant to Rule 12(b)(6), alleging that Crawford's claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Crawford was charged and subsequently convicted of two counts of assault on a peace officer arising from the incident alleged in the Complaint. Crawford responded on May 4, 2026, disputing Defendants' claim.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 557). In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

---

[1]Crawford voluntarily dismissed his claims against Defendant Rhonda Johnson, and the Court dismissed his claims against Defendant Ethan James Murphy at screening. (ECF 15).

The Court also is mindful it "must construe the pleadings of *pro se* litigants liberally … to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court ... create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court also may consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). When a plaintiff's chronology of events is incomplete, courts can "rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Burns v. Mayes*, 369 F. App'x 526, 527 n.4 (5th Cir. 2010) (quoting *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss") (internal citation omitted)); *see also Bauer v. Texas*, 341 F.3d 352, 362 n.8 (5th Cir. 2003) (taking judicial notice of public records not in dispute).

### III. LEGAL ANALYSIS

**A.     Plaintiff's Claims are Barred.**

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a convicted criminal may not bring a claim under 42 U.S.C. § 1983 if success on that claim would necessarily imply the invalidity of a prior criminal conviction. Courts do not allow the use of Section 1983 to collaterally attack a prior criminal proceeding "out of concern for finality and consistency." *Aucoin v. Cupil*, 958 F.3d 379, 380-81 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 567 (2020). As a result, an inmate cannot bring a Section 1983 claim for excessive force if the inmate already has been found guilty of the conduct that justified the use of force. In short, *Heck* prohibits suit under Section 1983 if success on the claim would necessarily imply that a prior conviction is invalid. *Heck*, 512 U.S. at 486-87. The fact that Crawford does not challenge his conviction is not relevant to this analysis. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.").

To avoid dismissal under *Heck*, a plaintiff must clear two hurdles. First, there must be no inherent inconsistency between the plaintiff's complaint and his underlying conviction. A claim is barred by *Heck* if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction. *See*, *e.g.*, *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007). A plaintiff must not allege absolute innocence throughout the law enforcement encounter because such a position would necessarily be contradicted by a subsequent conviction for evading arrest/detention or assault on the responding public servants. *See Martin v. Roy*, 20-339-JWD-EWD, 2021 WL 1080933, at *11 (W.D. La. Mar. 18, 2021) (discussing *Heck*'s analytical framework); *Daigre v.*

*City of Waveland, Miss.*, 549 F. App'x 283, 286-87 (5th Cir. 2013) (plaintiff's allegations that he did not physically resist or assault officers "relate to the entire arrest encounter, and not merely a discrete part of it. The result is dismissal under *Heck*.") (internal citation omitted).

Second, if the first hurdle is successfully managed, the plaintiff must show that (1) his detention occurred in divisible stages and (2) the officer exerted excessive force after the plaintiff was restrained. A claim and a conviction may co-exist if they are "temporally and conceptually distinct." *Poole v. City of Shreveport*, 13 F.4th 420, 426-27 (5th Cir. 2021). Therefore, the Court must conduct a "fact-intensive" analysis to determine whether Crawford's excessive force claim is inconsistent with his conviction. *See Martin*, 2021 WL 1080933, at *11.

The Court takes judicial notice of Case No. 33745B, *State of Texas v. Phillip Wayne Crawford*, brought in the 181st Judicial District of Randall County, Texas. On May 29, 2024, Crawford was found guilty of two counts of Assault on a Peace Officer in violation of Texas Penal Code § 22.01(b-2). (ECF 20-1 at 1, 5). The date of the offenses was September 11, 2022, which is the same date that Crawford's claim against Defendants arose. (ECF 3 at 4; ECF 20-1 at 1, 5). The record exhibit attached to the Motion is not provided as evidence but to assist the Court with accessing public records, of which the Court may take judicial notice. *See* FED. R. EVID. 201; *see also Nelson v. Cauley*, No. 3:04-cv-828-G, 2005 WL 221349, at *3 n.7 (N.D. Tex. Jan 7, 2005) ("In this case, the defendants have provided various public records relating to plaintiff's state trial and convictions. Because the Court has only considered the pleadings and matters of public record, there is no need to consider dismissal under summary judgment standards"), *R. and R. adopted*, 2005 WL 383706 (N.D. Tex. Feb. 16, 2005); and *Garrett v. Comcast Communications, Inc.*, 3:04-cv-0693-P, 2004 WL 2624679, at *2 (N.D. Tex. Nov. 17, 2004) (court may consider public records attached to a motion to dismiss without conversion to a motion for summary judgment.).

The factual account in Crawford's Complaint is directly contradictory to the facts supporting his conviction. When a plaintiff's Section 1983 claim "is based solely on his assertions that he ... did nothing wrong, and was attacked by the [] officers for no reason," that suit "squarely challenges the factual determination that underlies his conviction" and is necessarily at odds with the conviction. *Aucoin*, 958 F.3d at 383, quoting *Walker*, 281 F. App'x at 390. That is true regardless of a civil claim's "theoretical compatibility" with the conviction. *Daigre*, 549 F. App'x at 286 (quoting *Bush*, 513 F.3d at 498 n.14); *see also Thomas v. Pohlmann*, 681 F. App'x 401, 407 (5th Cir. 2017) (citing with approval *Daigre* and *DeLeon*).

Crawford alleges that he attempted to open the storm door to his house, when Lewis slammed her right elbow into Crawford's ribcage "with extreme force causing Crawford to be slammed into a brick wall." (ECF 3 at 6). Crawford states that he "was not a suspect of a crime, in the act of committing a crime, or about to commit a crime when Officer Lewis struck the door to my home and struck me with her elbow." (ECF 11 at 1). Crawford alleges that Reyes then "runs at Crawford and with extreme force slams him into the brick wall again." (ECF 3 at 6). He also alleges that "Officer Reyes told me I was not a suspect of a crime during a consensual encounter…I was not committing a crime or about to commit[] a crime so this seizure of my person was illegal." (ECF 11 at 2). Crawford alleges that Defendants continue to use force on him, even after he stood up and "place[d] his hands in the air." (ECF 3 at 6).

In short, Crawford claims that he was acting lawfully and that Defendants used excessive force as he peacefully attempted to enter his house, which means that his claims are barred by *Heck*. *See Walter v. Horseshoe Enter.*, 483 F. App'x 884, 887 (5th Cir. 2012) ("[A]ppellants' claims are not derived from distinct incidents. Their convictions for resisting arrest and their claim of use of excessive force stem from a single interaction"); and *Walker v. Munsell*, 281 F. App'x

388, 390 (5th Cir. 2008) (per curiam) (Appellant's claim was not that the officers used excessive force after he stopped resisting, but that he did not resist. "This type of excessive force claim is ... barred by *Heck* in our circuit") (citations omitted); *Foster v. Avelar*, No. 6:24cv383, 2026 WL 516917 (E.D. Tyler Jan. 21, 2026) ("The basis for his conviction for assault on a peace officer is not temporally and conceptually distinct from his excessive force claim. … Foster's conviction and his allegations of excessive force both stem from the same single violent encounter.") (internal quotation omitted), *R & R adopted*, 2026 WL 516160 (Feb. 24, 2026).

Crawford's response to the Motion essentially challenges application of *Heck*'s "favorable termination rule;" *i.e.*, the issue of whether a judgment in his favor in this case would necessarily imply the invalidity of his conviction, citing *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006). Setting aside the factual challenges to the criminal case that Crawford alleges in his Response Brief (ECF 28), the Court finds that *Ballard* does not support his claim. In *Ballard,* the plaintiff's underlying criminal conviction was for assault of an officer who was not a defendant in the plaintiff's excessive force lawsuit, and his underlying conviction did not require proof that he caused bodily injury, serious or otherwise. *Id*. at 400. As a result, the *Ballard* court held that the two incidents were "conceptually different" and thus the excessive force claim was not barred by *Heck*. *Id*. Similarly, the *Bush* case, also cited by Crawford, fails to support his position in that it found a material factual dispute as to whether the excessive force occurred after he was restrained. (*Id*. at 500). In this case, Crawford does not allege that force occurred in separate divisible stages. Because the alleged excessive force was not "temporally and conceptually distinct" from the related conviction and it "stems from a single violent encounter," *Heck* bars Crawford's claims. *See Danks v. Grayson*, 626 F.Supp.3d 922, 936-37 (citing *DeLeon*, 488 F.3d at 656-57).

Crawford's conviction and his Section 1983 claims are not "temporally and conceptually distinct" such that they may co-exist, because they directly contradict each other. *See Poole*, 13 F.4th at 426-27. *See DeLeon*, 488 F.3d at 656; *see also Daigre*, 549 F. App'x at 286-87; *Martin*, 2021 WL 1080933, at *11; and *Dotson v. Ricks*, 4:16-cv-674-Y, 2018 WL 3046250, at *5-6 (N.D. Tex. June 20, 2018) (finding plaintiff's excessive force claim barred by *Heck* where plaintiff maintained he acted without fault during the police encounter) (citations omitted). As a result, *Heck* bars Crawford's claims unless he shows that the conviction has been invalidated. *Heck*, 512 U.S. at 487. Absent such a showing, a *Heck*-barred claim must be "dismissed with prejudice to [its] being asserted again until the *Heck* conditions are met." *DeLeon*, 488 F.3d at 657 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)). Crawford does not allege that his conviction has been invalidated. Therefore, Crawford's excessive force claim is barred by *Heck*, and the claim should be dismissed with prejudice until the *Heck* conditions are met.

## B.    Qualified Immunity Bars Plaintiff's Claims.

Alternatively, Crawford's claims are barred by Defendants' qualified immunity defense, raised in their Motion. (ECF 19 at 3). Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). "When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019). A complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to plead facts allowing the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at

570. While the Court accepts all well-pleaded facts as true and in a light favoring the plaintiff, the Court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

To determine if an official acting within the scope of his or her duties is entitled to qualified immunity, courts conduct a two-step analysis. First, they examine whether the plaintiff has shown a violation of a constitutional right under current law. *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022) (quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019)). Second, if a violation has occurred, courts determine whether the right in question was "clearly established" at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct. *Id.* In short, an officer is entitled to qualified immunity "if there is no violation, or if the conduct did not violate law clearly established at the time." *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239 at *2 (5th Cir. Nov. 21, 2023). Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Crawford fails to meet his burden to show that qualified immunity does not apply. Specifically, even assuming that he alleged a constitutional violation by Defendants, he has failed to show that Defendants violated his "clearly established rights." "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation omitted). There are two ways for a plaintiff to demonstrate that a defendant's conduct violated clearly established law. *Batyukova v. Doege,* 994 F.3d 717, 726 (5th Cir. 2021). Under the first, more typical approach, the plaintiff must "identify a case" or "body of relevant case law" in which "an officer acting under similar circumstances ... was held to have violated the [Constitution]." *Id.*

While there need not be a case directly on point, the unlawfulness of the challenged conduct must be beyond debate. *Id.* Under the second approach, there can be the rare "obvious case," where the unlawfulness of the officer's conduct is so egregious that it is sufficiently clear although existing precedent does not address similar factual circumstances. *See Doege*, 994 F.3d at 726 (citing *Dist. of Columbia v. Wesby*, 538 U.S. 48, 65 (2018)); *see also Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). "It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019).

This is not the rare "obvious case" in which the unlawfulness of the officer's conduct is so egregious that it is sufficiently clear such actions violate a detainee's rights. Further, Crawford provided no case law in response to the Motion that supports his position. Thus, he failed to show that Defendants should have known that their conduct violated clearly established law.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be GRANTED and Crawford's claims should be dismissed with prejudice until the conditions of *Heck* are met.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 19, 2026.

_Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).